**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

KEVIN CHRISTIAN, an individual,           CASE NO.:

    Plaintiff,

vs.

BMW FINANCIAL SERVICES NA,
LLC, a Delaware limited liability company,
d/b/a "FINANCIAL SERVICES VEHICLE
TRUST," and HOLMAN AUTOMOTIVE, INC.,
a Florida corporation, d/b/a "LAUDERDALE BMW
OF PEMBROKE PINES,"

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Kevin Christian, an individual ("Mr. Christian"), sues Defendants, BMW Financial Services, NA, LLC, a Delaware limited liability company, doing business as "Financial Services Vehicle Trust" ("BMW Financial"), and Holman Automotive, Inc., a Florida corporation, doing business as "Lauderdale BMW of Pembroke Pines" ("Lauderdale BMW"), and alleges:

### SYNOPSIS OF PROCEEDING

1.  The instant action involves claims under the Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act"), which prohibits the disconnection, resetting or alteration of odometers with the intent to change the number of miles indicated thereon. The law requires that written disclosure of the mileage registered on the odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership of the vehicle is transferred. If the odometer mileage is incorrect, the law requires a statement to that effect to be furnished on the title to the buyer.

2. Odometer tampering is a significant criminal and consumer fraud issue in the United States. According to the National Highway Traffic Safety Administration ("NHTSA"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

3. During the past several years, auto industry experts have seen a marked increase in the number of leased vehicles with tampered odometers. *See, e.g., "Inspection Finds 30% of Off-Lease Vehicles with Rolled-Back Odometers,"* Digital Dealer, Sept. 29, 2011 available at wwwdigitaldealer.com/inspection-find-30-of-off-lease-vehicles-with-rolled-back-odometers; *"Texas-sized Odometer Fraud: Lease Owners Caught Doing Roll Backs,"* May 13, 2016, available at dffw.cbslocal.com/2016/05/13/texas-sized-odometer-fraud-lease-owners-doing-rollbacks. The reason for the marked increase in odometer tampering with leased vehicles is based largely on the limited mileage allowance for many vehicles especially for prestige automobiles such as Mercedes-Benz, BMWs and the like. As such, BMW Financial is well aware that an increasing number of leased vehicles are returned by lessees with tampered odometers. *See, e.g., BMW Financial Services, N.S., LLC v. Deloach,* 2017 WL 1832250 (Ca. Ct. of App. 4th Dist. May 8, 2017) [BMW Financial sued lessee who tampered with odometer under Odometer Act after BMW Financial sold the vehicle at auction with a "TMU" or "true mileage unknown" – designation]; *see also, Financial Services Vehicle Trust v. Arakelian*, in the Superior Court, Los Angeles, California, Case No. EC062941.

4. As detailed below, BMW Financial received a leased vehicle from a former lessee with a tampered odometer. Instead of reporting the mileage as "true mileage unknown," BMW Financial and its agent, Lauderdale BMW, conspired to suppress evidence of a roll-back and transferred the vehicle with the false representation of a true mileage reading.

## JURISDICTION

5. This Court has jurisdiction under the Federal Odometer Act, formerly known as the "Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and 28 U.S.C. §§1331 and 1337, and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

## ALLEGATIONS AS TO PARTIES

6. At all times material hereto, Plaintiff, Kevin Christian ("Mr. Christian"), was *sui juris* and a resident of Broward County, Florida.

7. At all times material hereto, Lauderdale BMW was a "dealer" as said term is defined under Florida Statute §320.77(1)(a).

8. At all times material hereto, the Dealership was in the business of selling and leasing new and used motor vehicles to the public-at-large in Broward County, Florida.

9. At all times material hereto, Defendant, BMW Financial Services, N.A., LLC, was a Delaware limited liability company, doing business in Broward County, Florida as "Financial Services Vehicle Trust."

## FACTUAL ALLEGATIONS

10. On or about October 27, 2011, Lauderdale BMW leased a 2011 535i, VIN: WBAFR7C51BC806086 ("535i BMW") to an unknown customer ("Prior Customer") under unknown terms ("Prior Customer Lease Agreement").

11. After entering into the Prior Customer Lease Agreement, Lauderdale BMW transferred and assigned its interest to the Prior Customer Lease Agreement to BMW Financial at an unknown time and for unknown consideration.

12. At the end of the term of the Prior Customer Lease Agreement, the 535i BMW was returned to Lauderdale BMW.

13. At the time the 535i BMW was returned to Lauderdale BMW, the odometer of the 535i BMW had been tampered with and the mileage had been altered by the Prior Customer.

14. At the time of return of the 535i BMW, Lauderdale BMW inspected the 535i BMW and observed that the odometer of the 535i BMW had been tampered with.

15. By information and belief, in order to avoid diminishing the potential resale value of the 535i BMW, BNW Financial through its agent Lauderdale BMW suppressed the records for the servicing of the 535i BMW – which reflected higher miles than the odometer reading at the time the 535i BMW was returned to Lauderdale BMW. As a result of the suppression of the service records, the higher mileage readings were not reported to businesses such as Carfax and Auto Check which publish vehicle history reports.

16. On August 20, 2015, BMW Financial transferred and assigned its interest to the 535i BMW to a third-party, Luxury Car Fleet, LLC ("Luxury Car Fleet").

17. In furtherance of its sale of the 535i BMW to Luxury Car Fleet, BMW Financial signed an assignment on Certificate of Title No. 17452136 ("Transfer Title") to transfer the 535i BMW to Luxury Car Fleet.

18. A true and correct copy of the Transfer Title obtained from the Florida Department of Highway Safety and Motor Vehicles ("DMV") by counsel for Mr. Christian is attached hereto and incorporated by reference as Exhibit "A."

19. Pursuant to the Transfer Title, BMW Financial falsely stated the actual mileage for the 535i BMW was 29,342:



20. By information and belief, Lauderdale BMW acted as the agent for BMW Financial in the the sale and transfer of the 535i, including signing the Transfer Title as the agent of BMW Financial.

21. At the time the Transfer Title was signed under oath, BMW Financial knew that the representation as to the odometer reading was false and that 29,342 was not the actual mileage for the 535i BMW.

22. On October 6, 2015, Mr. Christian purchased the 535i BMW from a North Carolina used car dealer, Southeast Auto Group.

23. At the time of the purchase of the 535i BMW by Mr. Christian, the mileage reading for the 535i BMW was 29,804.

24. Several months after the purchase of the 535i BMW by Mr. Christian, the engine of the 535i BMW blew up.

25. As the mileage for the 535i BMW was relatively low, Mr. Christian requested that vehicle manufacturer, BMW of North America ("BMW Manufacturer"), investigate whether the vehicle had a defective engine.

26. In March 2016, when the engine was being repaired, Mr. Christian was informed by the repair facility that the odometer for the 535i BMW had been tampered with prior to purchase by Mr. Christian.

27. Since the discovery of the tampered odometer, Mr. Christian has sought *inter alia* an explanation from Defendants as to why the service records for the 535i BMW where not available and why BMW Financial had not reported the mileage discrepancy to the DMV.

28. After Defendants rebuffed the well-founded inquiry by Mr. Christian, Mr. Christian filed a complaint with the Florida DMV under Complaint No. 131872 ("DMV Proceeding").

29. On September 28, 2017, in response to the Complaint of Mr. Christian in the DMV Proceeding, Lauderdale BMW finally acknowledged to the DMV that it was aware of the mileage discrepancy in 2014 ("DMV Complaint Response").

30. A true and correct copy of the DMV Complaint Response is attached hereto and incorporated by reference as Exhibit "B."

31. As a result of the misconduct of Defendants, Mr. Christian has suffered actual economic damages, including but not limited to the following:

- the cost of repairs to replace the engine to the 535i BMW; and
- the diminution in value of the 535i BMW as a result of the inability of Mr. Christian to transfer the vehicle without disclosing the inaccurate odometer.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT**

32. This is an action for violation of the Federal Odometer Act, previously known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et sequi,* ("Odometer Act" or "Act").

33. Mr. Christian realleges and reaffirms the allegations contained in Paragraphs 1 through 29 above as if set forth hereat in full.

34. At all times material hereto, Lauderdale BMW was a "dealer" as said term is defined under 49 U.S.C. §32702(2).

35. Pursuant to 49 U.S.C. §32703, a person may not *inter alia*:

- disconnect, reset, alter or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

- with intent to defraud, operate a motor vehicle on a street, road or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

- conspire to violate 49 U.S.C. §32703, §32704 or §32705 of the Act.

36. Pursuant to 49 U.S.C. §32704, a person may service, repair or replace the odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair or replacement. If the mileage registered cannot remain the same -

   (1) a person shall adjust the odometer to read zero; and

   (2) the owner of the vehicle or agent of the owner shall attach written notice to the left door frame of the vehicle specifying the mileage before the service, repair or replacement and the date of service of service, repair or replacement.

37. As described above, the odometer of the 535i BMW was either tampered with or was replaced without compliance under the Act.

38. Pursuant to 49 U.S.C. §32705, a motor vehicle the ownership of which is transferred may not be licensed for use in the state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the

transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future transfer, a statement, signed and dated by the transferor under the Odometer Act.

39. 49 C.F.R. §580.5(e) provides in pertinent part that if a transferer such as BMW Financial knows that the odometer reading differs from the actual distance that the vehicle has travelled and the difference is greater than that caused by an odometer calibration error, a statement that the odometer reading does not reflect the actual mileage should be provided as part of the mandated disclosures under the Odometer Act.

40. BMW Financial has violated the Act in that BMW Financial made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.  *See, Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005).

41. As stated above, Defendants have conspired to violate 49 U.S.C. §32705 in violation of 49 U.S.C. §32703.

42. As a direct and proximate result of the above-described actions, Defendants have violated the Act with the intent to defraud.

43. As a result of the violation of the Act, Defendants are liable to Mr. Christian in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

44. Mr. Christian has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

WHEREFORE, Plaintiff, Kevin Christian, an individual, demands judgment against Defendants, BMW Financial Services, NA, LLC, a Delaware limited liability company, doing business as "Financial Services Vehicle Trust", Holman Automotive, Inc., a Florida corporation,

doing business as "Lauderdale BMW of Pembroke Pines" for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

## DEMAND FOR JURY TRIAL

Plaintiff, Kevin Christian, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this 22nd day of December 2017.

>  */s/ Robert W. Murphy*
> ROBERT W. MURPHY
> Florida Bar No. 717223
> 1212 S.E. 2nd Avenue
> Fort Lauderdale, Florida 33316
> Telephone: (954) 763-8660
> Fax: (954) 763-8607
> Email: rwmurphy@lawfirmmurphy.com
>
> COUNSEL FOR PLAINTIFF